UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>HENRY JAVIER LOPEZ ALVERTO,<br><br>Defendant. | Case No. 17-cr-00244-WHO-1<br><br>**ORDER DENYING MOTION FOR MODIFICATION OF TERM OF IMPRISONMENT PURSUANT TO 18 U.S.C. § 3582(c)(2)**<br><br>Re: Dkt. No. 564 |

Henry Javier Lopez Alverto moves to have his sentence modified pursuant to 18 U.S.C. § 3582(c)(2). [Dkt. No 564]. Lopez Alverto was sentenced to thirty-six (36) months imprisonment pursuant to his conviction for conspiracy to distribute and possess with intent to distribute 500 grams or more of a mixture and substance containing methamphetamine, and 5 grams or more of a mixture and substance containing cocaine and heroin under 21 U.S.C. § 846, 21 U.S.C. §§ 841(a)(1) and (b)(1)(A). [Dkt. No. 434].

A court generally may not modify a term of imprisonment imposed upon judgment of conviction. *Dillon v. United States*, 560 U.S. 817, 824 (2010). "Section 3582(c)(2) establishes an exception to the general rule of finality 'in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the sentencing Commission pursuant to 28 U.S.C. § 994(o)' and made retroactive pursuant to § 994(u)." *Id.* at 824. "In such cases, Congress has authorized courts to 'reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission." *Id.* at 824-25 (quoting § 3582(c)(2)). Section 3582(c)(2) authorizes "only a limited adjustment to an otherwise final sentence and not a plenary resentencing

proceeding." *Id.* at 826.

Section 3582(c)(2) thus requires a two-step inquiry. *United States v. Dunn*, 728 F.3d 1151, 1155 (9th Cir. 2013) (citing *Dillon*, 560 U.S. at 826). First, a district court must determine whether a prisoner is eligible for a sentence reduction under the Commission's policy statement in U.S.S.G. § 1B1.10. *Dunn*, 728 F.3d at 1155 (citing *Dillon*, 560 U.S. at 826-27). This involves the calculation of the amended guideline range that would have been applicable had the relevant amendment been in effect at the time of the initial sentencing by substituting only the amended guideline provisions and leaving all other guideline application decisions unaffected. *Dillon*, 560 U.S. at 827 (citing U.S.S.G. § 1B1.10(b)(1)). "Second, a district court must 'consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case.' " *Dunn*, 728 F.3d at 1155 (quoting *Dillon*, 560 U.S. at 827).

Lopez Alverto has not identified, and I have not found, any amendment to the sentencing guidelines that would be relevant to his conviction under 21 U.S.C. § 846, 21 U.S.C. §§ 841(a)(1) and (b)(1)(A). The most recent amendments made effective on November 1, 2018 have no bearing on Lopez Alverto's term of imprisonment. Lopez Alverto's motion is wholly meritless and it is denied.

**IT IS SO ORDERED.**

Dated: December 10, 2018

William H. Orrick
United States District Judge